UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-08-KKC

UNITED STATES OF AMERICA                                           PLAINTIFF

V.                                          **PLEA AGREEMENT**

JONATHAN MARTINEZ                    *   *   *   *   *              DEFENDANT

    1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts One and Five of the Indictment. Count One charges a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Count Five charges a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2, 4, and 6 of the Indictment as to the Defendant.

    2.    The essential elements of Count One are:

        (a)    The Defendant and another conspired to distribute 50 grams or more of a mixture or substance containing methamphetamine;

(b)     The Defendant knowingly and voluntarily joined the conspiracy.

The essential elements of Count Five are:

(a)     The Defendant committed the crime of conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine, a drug trafficking offense which may be prosecuted in a court of the United States;

(b)     The Defendant knowingly possessed a firearm; and

(c)     The possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

3.      As to Counts One and Five, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)     On or about April 26, 2022, and continuing until on or about May 5, 2022, in Floyd County within the Eastern District of Kentucky, the Defendant conspired to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and possessed a firearm in furtherance of a drug trafficking offense. Specifically, police utilized a confidential informant (CI) to make a series of controlled drug purchases of methamphetamine from the Defendant and his co-conspirator, Lakeisha Jervis. During a search of the Defendant's home police located a loaded handgun in a box with controlled substances.

(b)     On or about April 26, 2022, the CI arranged to purchase a quantity of methamphetamine from Jervis. The purchase was prearranged to occur at a residence later determined to be the Defendant's. During the transaction, the CI was met by the Defendant as the CI approached the residence. Jervis retrieved 14 grams of a methamphetamine mixture from the residence and handed it to the Defendant. The Defendant then handed the CI the methamphetamine and instructed the CI to place a prearranged quantity of money under a piece of wood on the porch.

(c)     On or about April 28, 2022, a CI again arranged to make a controlled purchase of methamphetamine from Jervis. The CI approached the

2

Defendant's residence and was met by Jervis. Jervis informed the CI that the CI would have to wait to purchase the methamphetamine until the Defendant got home because the Defendant had to retrieve the drugs. Shortly thereafter, the Defendant arrived at the residence. The Defendant and Jervis walked into a small outbuilding together and when they emerged Jervis placed a quantity of 27.6 grams of methamphetamine mixture on a porch chair. The CI picked up the drugs and placed a prearranged amount of money on the chair.

(d)     On or about May 5, 2022, police executed a search warrant of the Defendant's residence. Inside a bedroom police located a dry box that contained 264 grams of a methamphetamine mixture bagged into ounce and half ounce quantities, a digital scale, plastic baggies, and various other controlled substances. Also in the box was a Glock model 42, .380 Automatic handgun, loaded with six (6) rounds of ammunition. In the same bedroom police found a tactical vest with steel plates an a handwritten drug ledger.

4.     The statutory punishment for Count One is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Five is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

3



    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 350 grams but less than 500 grams of methamphetamine, which corresponds to a base offense level of 28.

    (c)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States can prove by a preponderance of the evidence that a nexus exists

4



between the property and the offense, as set out in the forfeiture allegation of the Indictment. The Defendant waives any and all provisions of Criminal Rule 32.2 related to the timing of the filing of forfeiture documents.

10.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

5



CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _8/15/23_          By:  _____
                              Justin E. Blankenship
                              Assistant United States Attorney

Date: _8/7/2023_               _____
                              Jonathan Martinez
                              Defendant

Date: _8/7/2023_               _____
                              Richard Hughes
                              Attorney for Defendant

6